**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | 12-7551M |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Vicenta Jimenez-Canselario, | ) | |
| Defendant. | ) | |
| | ) | |

This Court has considered the parties' Joint Motion to Extend Time for Indictment. (Doc. 5)

Defendant has been charged with Illegal Entry, in violation of 8 U.S.C. § 1325(a)(2), which carries a maximum prison sentence of six months. It is a petty offense. 18 U.S.C. § 3559(a)(7). The Speedy Trial Act, 18, U.S.C. §§ 3161-3172, does not apply to petty offenses. *See* 18 U.S.C. § 3172(a) (defining "offense" to be "any Federal criminal offense which is established by Act of Congress (other than a Class B or C misdemeanor or an infraction . . . ."). "Petty offenses are exempted from both the requirement of a jury trial and the Speedy Trial Act." *United States v. Richmond*, 312 Fed. Appx. 56, at *1 (9th Cir. 2009) (citing *United States v. Baker*, 641 F.2d 1311, 1319 (9th Cir. 1981) (holding Speedy Trial Act does not apply to petty offenses); *United States v. Carpenter*, 91 F.3d 1282 (9th Cir. 1996) (collecting cases explaining that criminal contempt cannot be classified as either a

felony or misdemeanor for all purposes, but instead should be classified based on the sentencing range imposed).

**IT IS ORDERED** that the parties' Joint Motion to Extend Time for Indictment, doc. 5, is **DENIED** as moot.

DATED this 17th day of October, 2012.

Lawrence O. Anderson
United States Magistrate Judge